UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

GEMEX SYSTEMS INC., and
UGTS INC.,

        Plaintiffs,

        v.                               Case No. 11-C-0148

ANDRUS SCEALES STARKE & SWALL LLP,
COOK & FRANKE, SC,
JEFFREY S. SOKOL,
WESTCHESTER FIRE INSURANCE COMPANY,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

        Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO REMAND (DOC. 10)

On January 7, 2011, plaintiffs commenced an action for legal malpractice against defendants in the Milwaukee County Circuit Court. Defendants filed a timely notice of removal to this court pursuant to 28 U.S.C. § 1331, 1338, 1441, and 1446 and on March 9, 2011, plaintiffs filed a motion to remand to the State Court on the ground that this court lacks subject matter jurisdiction because "the plaintiffs' claims do not arise from the patent laws of the United States nor do they require the resolution of any substantial question of patent law."

STATEMENT OF FACTS

On March 25, 1997, the United States Patent and Trademark Office ("USPTO") issued to plaintiff UGTS U.S. Patent No. 5,6,15,005 ("005 Patent"), covering the design and application of imaging spectrophotometry for the scanning of cut gemstones light performance and color. (Compl. ¶ 20.) The patent was set to expire in 2014. (Compl. ¶

21.)  In 1998, plaintiff GemEx Systems, Inc ("GemEx") signed an exclusive license with UGTS for all of its patents, technology, and copyrights. (Compl. ¶ 13.) GemEx and UGTS acted in concert to retain and extend patent, copyright , and other intellectual property protection. (Compl. ¶ 14.)

Defendant Andrus Sceales, Starke & Sawall, LLP served as the patent and intellectual property counsel for GemEx and UGTS and as such prosecuted and procured the '005 Patent for UGTS. (Compl. ¶ 25.) Until November 2005, defendant Jeffrey S. Sokol was the partner at Andrus Sceales in charge of representation of GemEx and UGTS. (Compl. ¶ 27.) Sokol thereafter became a shareholder of defendant Cooke & Franke, where he handled that firm's representation of GemEx and UGTS. (Compl. ¶ 27.)

In 2005, '005 Patent expired early because the seven and a half year maintenance fee was not paid. (Compl. ¶ 22.) GemEx and UGTS directed Andrus Sceales to pay the second maintenance fee on December 3, 2004. (Compl. ¶ 36.) However, Andrus Sceales did not pay the maintenance fee (Compl. ¶ 37,) and did not forward a copy of the resulting Notice of Expiration on May 13, 2005 (Compl. ¶ 38.)

In November 2008, GemEx and UGTS learned of the '005 Patent's expiration when GemEx's business attorney reviewed GemEx's intellectual property in relation to a pending business dispute with a third party. (Compl. ¶ 46.) GemEx and UGTS promptly obtained the services of new patent counsel, and filed a petition for the reinstatement of the patent in September 2009. (Compl. ¶ 46.)  The USPTO granted GemEx's petition for reinstatement on September 14, 2010. (Compl. ¶ 47.)

## ANALYSIS

Pursuant to 28 U.S.C. § 1338(a), original jurisdiction is given to district courts over any civil

action arising under the federal patent laws. *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th. Cir. 1991). Federal jurisdiction under § 1338 extends to two categories of patent-related cases: (1) where patent law creates the cause of action for which the plaintiff seeks relief; and (2) where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-809 (1988). In the second category of cases, federal courts have exclusive jurisdiction "only if the plaintiff's well-pleaded complaint establishes that the adjudication of at least one of the claims depends on the 'resolution of a substantial question of federal patent law'." *Warrior Sports, Inc v. Dickinson Wright, P.L.L.C.,* 631 F. 3d 1367, 1370 (Fed. Cir. 2011)

In Wisconsin, to succeed on a legal malpractice claim, a plaintiff is required to prove four elements: (1) a lawyer-client relationship with the attorney; (2) the attorney committed acts or omissions constituting negligence; (3) the negligence caused injury to the plaintiff; and (4) the nature and extent of the injury. *Tallmadge v. Boyle*, 730 N.W.2d 173, 179 (Wis. Ct. App. 2007).

Here, plaintiffs allege that defendants were negligent because defendants failed to timely pay patent maintenance fees, resulting in the expiration of '005 Patent on March 25, 2005. (Compl. ¶ 37.) Also, plaintiffs contend that they lost their competitive advantage due to the early expiration of the patent. (Compl. ¶ 24.) Plaintiffs claim that they "enjoyed a significant market advantage as the provider of this new and objective method of diamond evaluation and certification." (Compl. ¶ 19.) They further assert that "[u]ntil recently GemEx had no competitors in the market for the testing of cut diamonds using

scientific spectrophotometry, because its controlling, patent-protected position prevented competitors from using its proprietary technology" (Compl. ¶ 19.)

The '005 Patent was not reinstated until September 14, 2010, creating a five year lapse period and that competitors "may have acquired intervening rights to practice the '005 Patent as a result of the untimely lapse" (Compl. ¶ 47.) Consequently, plaintiffs claim that their ability to enjoy the full scope of the '005 Patent has been compromised and the value of their investment in its patented technology has been reduced significantly. (Compl. ¶ 48.)

In *Warrior Sports, Inc. v. Dickinson Wright*, Warrior's attorneys' failed to pay the maintenance fee for a patent and the patent lapsed. *Warrior Sports, Inc v. Dickinson Wright, P.L.L.C.,* 631 F. 3d 1367, 1368 (Fed. Cir. 2011). A competitor discovered that Warrior's patent lapsed and litigation ensued. *Id.* Warrior claimed that it was forced to settle with the competitor for much less than actual value. *Id*. The Federal Circuit held that there was federal patent law jurisdiction over the legal malpractice claim for failure to pay a maintenance fee because proof of patent infringement was necessary to determine the causation and damages elements of legal malpractice. *Warrior Sports, Inc v. Dickinson Wright, P.L.L.C.,* 631 F. 3d 1367, 1371 (Fed. Cir. 2011).

Here, as in *Warrior*, it appears that proof of patent infringement is necessary to determine the causation and damages elements of the legal malpractice alleged. In their complaint, plaintiffs suggest that competitors may have obtained intervening rights to their patented technology. (Compl. ¶ 47.) This is a question of federal patent law. Moreover, The resolution of whether competitors have intervening rights is material to establishing whether defendants' negligence caused injury and, if so, the nature and extent of that

injury. In other words, plaintiffs must prove causation and damages elements to succeed in their legal malpractice claim and cannot do so unless the intervening rights question, a matter of federal patent law, is resolved. Consequently,

IT IS ORDERED that the plaintiffs' motion to remand is denied.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE