## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| GEMEX SYSTEMS, INC. and<br>UGTS, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 11-CV-00148 |
| v. | ) | |
| | ) | **PLAINTIFFS' BRIEF** |
| ANDRUS, SCEALES, STARKE & SAWALL, | ) | **IN SUPPORT OF** |
| LLP, COOK & FRANKE, S.C., JEFFREY S. | ) | **EMERGENCY MOTION FOR** |
| SOKOL, WESTCHESTER FIRE INSURANCE | ) | **PROTECTIVE ORDER** |
| COMPANY, and ST. PAUL FIRE & MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Civil Local Rule 26(e), Plaintiffs GemEx Systems, Inc. and UGTS, Inc. (collectively "GemEx") hereby move the court for a protective order. As more fully set forth below, GemEx has sought the assistance of the Defendants in this case in submitting a joint motion for a protective order, but GemEx's attempts have been met mostly by silence and then by unfounded threats that Defendants would file a motion to compel against GemEx. GemEx is requesting that the Court set an expedited briefing schedule for this motion. Expedited relief is needed because an inspection and deposition originally scheduled for the end of January and beginning of February of a third-party, Photoscribe Technologies, Inc. ("Photoscribe") upon whom Plaintiffs served subpoenas, are being held up by the lack of a protective order. As affirmative relief, GemEx respectfully requests that the Court enter a blanket protective order governing discovery in this action in the form of the document attached as Exhibit A.[1]

---

[1] GemEx further reserves the right to seek the attorneys fees associated with this motion in light of Defendants' refusal to meet-and-confer regarding the issues raised herein.

The scheduling order in this case sets February 15, 2013, about three weeks from now, as "Plaintiffs' deadline to identify all claims of the patent that cover activities of GSI and any other third parties that the plaintiffs contend have intervening rights, and to provide claim charts as to such claims." (Dkt. 54.) Defendants vigorously promoted this deadline to the Court. (*See, e.g.*, Dkt. No. 48, at 2.)

Well in advance of this deadline (November 30, 2012), GemEx propounded subpoenas for documents and for a deposition on two third parties to discover information it needed for the disclosure. (Declaration of Ari B. Lukoff (hereinafter "Lukoff Decl.") Exs A & B.) GemEx's subpoenas sought, as a general matter, information of GemEx's competitors regarding machines involved in measuring the light performance of gemstones, and documents relating to the development, use, and sales of those machines, including technical and financial information. (*See id.*) During the month of December, Plaintiffs met-and-conferred with counsel for one of the third-parties who had received a subpoena, Photoscribe, regarding its response. (Declaration of Martin W. Schiffmiller (hereinafter "Schiffmiller Decl.") ¶ 3.) Photoscribe informed GemEx that it would not produce any discovery in response to the subpoenas without a protective order or confidentiality agreement that restricted the dissemination of Photoscribe's proprietary, confidential, commercial, and technical information.[2] (Lukoff Decl. Ex. C; Schiffmiller Decl. ¶¶ 3-4.)

In order to alleviate Photoscribe's confidentiality concerns and procure the discovery it needed from Photoscribe in advance of the February 15 deadline, GemEx sought the agreement of the Defendants in this case to file a stipulated motion for a protective order, which is a routine

---

[2] GemEx received a similar objection from the other third party on whom it propounded subpoenas, Gem Experience, Inc.

order entered in cases involving technology and patents. Plaintiffs made this request of Defendants on December 19, 2012, and asked for the Defendants' comments on the protective order and their approval by December 28. (Lukoff Decl. Ex. D.) The draft protective order would have provided Photoscribe with the protections it demanded and resolved Photoscribe's confidentiality objection to the subpoena. (*See id.*) GemEx received no response from any of the Defendants in response to the draft protective order. (Lukoff Decl. ¶ 4.)

Having no means to submit a stipulated protective order motion to the Court without the cooperation of Defendants, GemEx entered into a confidentiality agreement with Photoscribe. (Lukoff Decl. Ex. E; Schiffmiller Decl. ¶ 5.) The confidentiality agreement contained substantially the same restrictions on disclosure as the draft protective order, and included the non-dissemination requirements that Photoscribe demanded. (*See generally* Lukoff Decl. Ex. E.) GemEx even included a provision that would permit each Defendant and its counsel to become bound to the terms of the confidentiality agreement, and receive discovery from Photoscribe. (Lukoff Decl. Ex. E at ¶ 20.)

Concurrently, GemEx sought the agreement of Defendants a second time to the draft protective order. (Lukoff Decl. Ex. F.) GemEx received a response to its email from only one of the five Defendants in this case. (Lukoff Decl. Ex. G.)

GemEx and Photoscribe entered into the confidentiality agreement on January 11, 2013. (Lukoff Decl. Ex. E.) Photoscribe produced documents to Plaintiffs shortly thereafter. (Schiffmiller Decl. ¶ 6.) Photoscribe designated almost all of the documents in its production as "Highly Confidential-Outside Attorneys' Eyes Only" pursuant to the confidentiality agreement. (*Id.*) Photoscribe and GemEx also agreed on dates near the end of January and beginning of February for an inspection of Photoscribe's machine and a deposition of a Photoscribe

3

representative. (Schiffmiller Decl. ¶ 7.) This document production, inspection, and deposition would have fulfilled Photoscribe's response to the subpoena well in advance of GemEx's February 15 scheduling order deadline. Having still received no response from any Defendants regarding the protective order, GemEx sent a copy of the confidentiality agreement to each, and asked them to sign on to the agreement, in order to permit GemEx to produce Photoscribe's documents to Defendants. (Lukoff Decl. Ex. H.)

GemEx received a response from only one of the four Defendants in this case. (Lukoff Decl. Ex. I.) However, rather than sign on to the confidentiality agreement and thereby gain access to Photoscribe's document production, Defendant's counsel Mr. Sulton simply demanded the documents without any protection afforded Photoscribe. (*Id.*) That counsel threatened to move to compel GemEx to produce Photoscribe's production, all the while knowing that GemEx had a contractual obligation to Photoscribe to only produce Photoscribe's documents to those bound by a confidentiality agreement or a protective order. (*Id.*) GemEx's counsel asked for times to meet-and-confer regarding that Defendant's email, and received no response. (Lukoff Decl. Ex. J.)

Photoscribe's counsel was copied on the email threatening a motion to compel, and upon receiving the email, Photoscribe informed GemEx that it could consider any disclosure of its confidential information to Mr. Sulton or any other party who was not bound by the confidentiality agreement to be a breach of the agreement. (Schiffmiller Decl. ¶ 8.) Because of Defendants' refusal to resolve any issues regarding the protective order and/or confidentiality agreement, Photoscribe has now postponed an inspection of its light performance machine and a deposition, which were originally scheduled for late January and early February. (*Id.*) This delay jeopardizes GemEx's ability to comply with its February 15, 2013, disclosure obligation.

GemEx does not object to producing Photoscribe's discovery to Defendants. Indeed GemEx welcomes the opportunity, but GemEx cannot do so unless Defendants either sign the confidentiality agreement or this Court enters a suitable protective order. In light of the imminent February 15 deadline in the scheduling order, GemEx respectfully requests that the Court enter the draft protective order that GemEx proposed to Defendants. The protective order will provide at least the same restrictions as contained in the confidentiality agreement, and upon entry of the order, the inspection and deposition of Photoscribe can move forward.

## DISCUSSION

The Civil Local Rules of this Court expressly permit the Court to enter a blanket protective order as GemEx has proposed upon a showing of good cause. *See* Civil L.R. 26(e)(1). Good cause is present here. First, good cause is present where the information disclosed could provide a competitive advantage to a party. *See, e.g.*, *Inter-Med Inc. v. ASI Medical Inc.*, 2010 WL 2679992, Case No. 09–CV–383, at *2 (E.D. Wis. July 2, 2010) (finding good cause because "allowing the plaintiff to obtain the defendant's confidential commercial information could provide a significant competitive advantage to the plaintiff"); *SmartSignal Corp. v. Expert Microsystems, Inc.*, 2006 WL 1343647, Case No. 02-C-7682, at *2 (N.D. Ill. May 12, 2006) ("Blanket protective orders are routinely entered into by parties in commercial litigation, especially in cases between competitors."). In this case, GemEx is a competitor with the companies on whom they propounded subpoenas, Photoscribe and Gem Experience, LLC. In light of this competition, Photoscribe required that a confidentiality agreement or protective order be entered prior to producing documents to GemEx, and Photoscribe designated almost all of the documents it produced such that it could be viewed only by Plaintiffs' outside counsel and their experts. (Schiffmiller Decl. ¶¶ 3-6.)

5

Second, good cause is present where it will facilitate the taking of discovery from third parties. Because "[t]hird-parties cannot simply refuse to produce relevant, albeit confidential, information," and "[f]ederal litigation invariably involves discovery of some sensitive information, . . . protective orders are used to protective [sic] confidential commercial information." *Amer Needle Inc. v. New Orleans*, 2012 WL 4327610, No. 04-C-7806 (N.D. Ill. Sept. 21, 2012). Put another way, "[w]hen non-parties are forced to produce commercial documents pursuant to a discovery request, they are in effect handing over the keys to their corporate automobiles to parties who may, at best, be considered ambivalent towards their interests." *In re Northshore University Healthsystem*, 254 F.R.D. 338, 343 (N.D. Ill. 2008). Therefore, the "inability [of the parties] to walk in the Objecting Non-Parties' shoes limits their ability to be as mindful of the Objecting Non-Parties' interests in not disclosing confidential commercial material to competitors . . . ." *Id.* Here, GemEx recognizes that its competitors, Photoscribe and Gem Experience, LLC would not want to have their proprietary commercial information turned over to employees of GemEx or the other parties. But the Defendants have shown a callous disregard of the Photoscribe's confidentiality concerns in ignoring GemEx's requests for a protective order and then demanding Photoscribe's documents without any protections whatsoever.

More broadly, a protective order such as the one proposed will promote the just, speedy, and inexpensive determination" of this action, by obviating the need to renegotiate a protective order or confidentiality agreement with every party and non-party. *See* Fed. R. Civ. Proc. 1. The burden of discovery for all parties and non-parties will be substantially reduced by the entry of the proposed order. *See* Fed. R. Civ. Proc. 26(c); *Tama Plastic Industry v. Pritchett Twine & Net Wrap, L.L.C.*, 2012 WL 1912578, 1:11–cv–783–JMS–DKL, at *5 (S.D. Ind. May 25, 2012)

6

("Protective orders encourage parties to disclose sensitive material, lead to better-informed litigation and decisions, and reduce the costs and delays of litigation.").

The entry of a two-tier protective order, like the one that GemEx seeks in this motion, is a routine matter in cases involving a patent and technology. *See, e.g.*, Protective Order in *Kimberly-Clark Worldwide, Inc. et al. v. First Quality Baby Products, LLC, et al.*, Case No. 09-C-916, Dkt. No. 98 (Jan. 29, 2010); Protective Order in *Frabill, Inc. v. Clam Corp.*, Case No. 2:11-CV-00840, Dkt. No. 21 (Oct. 24, 2012) (Clevert, J.); Protective Order in *Ductcap Products, Inc. v. J&S Fabrication, Inc.*, Case No. 10-cv-0110-LA, Dkt. Nos. 19, 20 (June 3, 2010). A similar protective order, in the form of the proposed order attached as Exhibit A, is appropriate and should be entered in this case.

## Conclusion

GemEx reached out to the Defendants in an attempt to seek their agreement to this Protective Order. The Defendants did not respond. GemEx reached out to the Defendants in an attempt to seek their agreement to a confidentiality agreement it entered into with a third-party. The Defendants either did not respond, or threatened GemEx with an unfounded motion to compel. GemEx has subpoenas pending to third-parties in this case who have each demanded an appropriate protective order or confidentiality agreement in order to produce discovery. The lack of a protective order is holding up discovery which is needed for GemEx to meet a February 15 scheduling order deadline. The most straightforward way to fix this problem is for the Court to enter a blanket protective order governing discovery, which will facilitate discovery from both parties and non-parties. Defendants have had a chance to object and meet-and-confer regarding the terms the protective order that GemEx is submitting in this motion and have declined to

participate. Accordingly, GemEx respectfully requests that the Court enter a protective order in the form of the document attached as Exhibit A.

January 23, 2013

/s Ari B. Lukoff
William L. Roberts (Minn. Bar No. 212763)
Michael F. Cockson (Minn. Bar No. 280549)
Ari B. Lukoff (Minn. Bar No. 0390025)
Adam Nodler (Minn. Bar. No. 0390131)
**Faegre Baker Daniels LLP**
2200 Wells Fargo Center, Suite 2200
Minneapolis, Minnesota 55402.
tel: 612-766-7000
fax: 612-766-1600
William.Roberts@faegrebd.com
Michael.Cockson@faegrebd.com
Ari.Lukoff@faegrebd.com
Adam.Nodler@faegrebd.com

Robert L. Gegios (Wis. Bar. No. 1002906)
William E. Fischer (Wis. Bar. No. 1045725)
**Kohner, Mann & Kailas**
4650 North Port Washington Road
Milwaukee, WI 53212-1059
tel: (414) 962-5110
fax: (414) 962-8725
RGegios@kmksc.com
WFischer@kmksc.com

*Attorneys for Plaintiffs Gemex Systems, Inc. and UGTS, Inc.*

8