## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GEMEX SYSTEMS, INC. and UGTS, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ANDRUS, SCEALES, STARKE & SAWALL, LLP, COOK & FRANKE, S.C., JEFFREY S. SOKOL, WESTCHESTER FIRE INSURANCE COMPANY, and ST. PAUL FIRE & MARINE INSURANCE COMPANY, <br><br> Defendants. | Case No.: 11-CV-00148 <br><br> **DECLARATION OF MARTIN W. SCHIFFMILLER** |

I, Martin W. Schiffmiller, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney representing Photoscribe Technologies, Inc. ("Photoscribe"), for purposes of a subpoena issued upon it by the Plaintiffs, GemEx Systems, Inc. and UGTS, Inc. (collectively, "GemEx"), in the above-captioned action. I am licensed to practice in, among other courts, the state courts of New York, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the Second and Federal Circuit Courts of Appeal.

2. On approximately December 3, 2012, GemEx served a subpoena for deposition and a subpoena for documents on Photoscribe.

3. On December 12, 2012 I participated in a telephone conference with counsel for GemEx. I expressed the objections of Photoscribe that the production of information by Photoscribe in response to both the document and deposition subpoenas with no confidentiality protection would endanger confidential business, trade secret, and

1

research and development information of Photoscribe. I sent an email to counsel for GemEx on December 14, 2012 reiterating Photoscribe's objection to producing any information in response to the GemEx subpoenas without a protective order or confidentiality agreement in place to protect Photoscribe's confidential information.

4. In order to resolve Photoscribe's confidentiality objection, Photoscribe required the following provisions to be included in a confidential agreement or protective order prior to the production by Photoscribe of any confidential information:

   a. Photoscribe required that the disclosure of, and access to, Photoscribe's confidential information be restricted to outside counsel and their experts.

   b. Photoscribe required that any expert to whom confidential information was to be disclosed must be provided a copy of the confidentiality agreement or protective order and must sign a document affirming that he or she had read and agreed to be bound by all terms of the agreement or order. Further, Photoscribe must be provided a curriculum vitae of any such expert prior to the disclosure of any confidential information to the expert so that Photoscribe could object to such disclosure.

5. I discussed these objection and Photoscribe's requirements with counsel for GemEx. Counsel for GemEx told me that they had contacted Defendants' attorneys and proposed that all parties to the action enter into a stipulated protective order governing discovery in this case, which protective order would have covered Photoscribe's production of confidential information. GemEx counsel had, I was advised, received no response to this proposal from the Defendants. In light of the lack of a protective order, Photoscribe and GemEx entered into a bilateral Confidentiality Agreement in order to facilitate

Photoscribe's response to the subpoenas. That agreement provided that only GemEx's outside counsel, their staff and their experts who agreed to be bound by the terms of the agreement could have access to Photoscribre's confidential information unless and until any other party to the action took the necessary steps (set forth in the Confidentiality Agreement) to become a signatory thereto.

6. Photoscribe produced documents to GemEx on January 14, 2013. Most of the documents that Photoscribe produced to GemEx were designated as "Highly Confidential-Outside Attorneys' Eyes Only" under the Confidentiality Agreement. Photoscribe will not permit these documents to be disseminated to any person or party who is not bound by a confidentiality agreement or protective order at least as restrictive as the confidentiality agreement entered into between Photoscribe and GemEx.

7. Photoscribe and GemEx also agreed on dates for an inspection of Photoscribe's light performance machine and for a deposition of a Photoscribe representative, which were to have taken place at the end of January and beginning of February.

8. On January 17, 2013 I received a copy of an email sent by one of Defendants' counsel, William F. Sulton, to GemEx counsel demanding that copies of all documents produced by Photoscribe pursuant to the GemEx subpoena be provided to Mr. Sulton, although Mr. Sulton's client(s) had not entered into any agreement or stipulation to protect the confidentiality of Photoscribe's information. I subsequently advised GemEx counsel that Photoscribe would consider any disclosure of its confidential information by GemEx to Mr. Sulton or to any other party to this action who had not signed the Confidentiality Agreement to be a breach of that agreement. I further advised GemEx counsel that Photoscribe would not proceed with an inspection of its light performance machine by

3

GemEx or a deposition of its representative (both of which would involve the disclosure of highly confidential information) until all parties to the action either had formally endorsed the Confidentiality Agreement or, preferably, had become subject to a protective order entered by the Court which provided protections for Photoscribe's confidential information equivalent to those in the Confidentiality Agreement.

Signed this 23rd day of January, 2013

       s/ Martin W. Schiffmiller
       Martin W. Schiffmiller